UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TERENCE ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-455-DCP |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 11]. Now before the Court are Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 15 & 16] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. Debra A. Reese ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Andrew M. Saul ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

### I. PROCEDURAL HISTORY

Plaintiff initially filed an application for disability insurance benefits and supplemental social security income on September 24, 2012, which resulted in an unfavorable decision issued on September 8, 2015. [Tr. 89–112]. On November 16, 2016, Plaintiff filed an application for supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging disability beginning on September 9, 2015. [Tr. 15, 130, 146]. After his

application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 161]. A hearing was held on July 11, 2018. [Tr. 32–56]. On October 23, 2018, the ALJ found that Plaintiff was not disabled. [Tr. 15–27]. The Appeals Council denied Plaintiff's request for review on September 6, 2019 [Tr. 1–6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on November 8, 2019, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since November 16, 2016, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: degenerative disc disease with left lower extremity radiculopathy; chronic obstructive pulmonary disease (COPD); status post prostate cancer without evidence of recurrence, metastasis or active disease; osteoarthritis, status post bilateral shoulder manipulations and bilateral decompression; and obesity (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c). The claimant can lift, carry, push and pull up to 50 pounds occasionally and 25 pounds frequently. With normal breaks in an eight-hour day, he can sit for six hours and stand and/or walk for six hours; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can

2

tolerate frequent bilateral overhead reaching; and can tolerate occasional exposure to fumes, odors, dusts, gases, and poor ventilation.

5. The claimant is capable of performing past relevant work as a cabinetmaker, DOT# 660.280-010, a job of medium exertion with an SVP of 6. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since November 16, 2016, the date the application was filed (20 CFR 416.920(f)).

[Tr. 17–26].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the

Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). A claimant will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4), -(e) and 416.920(a)(4), -(e). An RFC is the most a claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff asserts that the ALJ's disability determination is not supported by substantial evidence, as he first claims that the ALJ erred when he failed to discuss and explain the additional limitations that resulted in the previous ALJ's findings not being applicable. Next, Plaintiff submits that the ALJ failed to fully consider the effects of his back and shoulder problems, as well as his obesity. Lastly, Plaintiff asserts that the resulting functorial deficits would have made it unlikely he would be able to perform his past relevant work, as well as other representative positions, identified by the vocational expert ("VE").

### A. Waiver

While Plaintiff briefly reviews the medical record [Doc. 16 at 3–5], Plaintiff's counsel fails to provide support or any analysis for his allegations of error. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). The Court notes that while Plaintiff's counsel cites to the generally applicable standards of review, he cites Eleventh Circuit caselaw.

Moreover, with respect to his specific arguments, Plaintiff's counsel fails to provide any citations to supporting case law or the applicable regulations throughout the brief, or detail how such supporting authority would apply to the specific facts and arguments of Plaintiff's case. "When a party fails to cite to specifics in the record, the court is under no obligation 'to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence.'" *Gilbert v. Colvin*, No. CIV.A. 12-257-KSF, 2013 WL 2325133, at *3 (E.D. Ky. May 28, 2013) (quoting *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)).

For example, while Plaintiff claims that the ALJ improperly failed to discuss the limitations of the previous ALJ's RFC determination, he does not cite any applicable case law or regulations, or provide any additional analysis of why the ALJ allegedly improperly failed to discuss "the additional reaching and manipulative limitations." [Doc. 16 at 6]. Additionally, while Plaintiff claims that the ALJ did not fully consider the effects of his back and shoulder problems, as well as obesity, he did not cite to any specific medical records he claims support disabling impairments

6

or argue how the ALJ's RFC determination was not supported by substantial evidence. Similarly, Plaintiff asserts that "the limitations of exposure to pulmonary irritants" would preclude his past relevant work, as well as other jobs existing in the national economy that the ALJ found that he could perform. [*Id.*]. However, the ALJ found that Plaintiff could tolerate occasional exposure to fumes, odors, dusts, gases, and poor ventilation. [Tr. 20]. Plaintiff's counsel does not submit any additional argument or challenge to the ALJ's RFC determination; rather, he makes broad allegations of error without any specific analysis, citation to the medical record, or citation to the applicable regulations and caselaw.

Therefore, the Court finds Plaintiff's allegations of error are undeveloped and ultimately waived. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 540, 543 (6th Cir. 2014) (finding issue waived where the plaintiff claimed the ALJ failed to properly weight the medical opinions of her treating physician but did "not elaborate or provide any further development of the argument"); *see also Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (in a Social Security appeal, noting that a claimant's observations with respect to the ALJ's findings "without elaboration or legal argument, failing even to hint at their legal significance or virtue," are generally waived).

While the Court finds that the underdeveloped arguments presented in Plaintiff's brief are waived, it also finds that the ALJ's decision is independently supported by substantial evidence. Therefore, the Court will briefly review the broad arguments set forth in Plaintiff's motion for summary judgment. "The Court urges [Plaintiff's] counsel, however, in future briefing to more fully develop the arguments with analysis, reasoning, and discussion of regulations and case law, tying such discussion to the facts of the case, so that those arguments will not be susceptible to a finding that they are perfunctory." *See, e.g., Coleman v. Astrue*, No. 11-CV-236-PJC, 2012 WL

7

1952668, at *7 (N.D. Okla. May 30, 2012).

    B.        **Remaining Issues**

          1.        **Findings of the Previous ALJ**

In the prior disability decision in this case, entered September 8, 2015, ALJ Andrea Wirth found that Plaintiff had the residual functional capacity to perform medium work, except he could "occasionally climb ramps and stairs, ladders, ropes, or scaffolds and occasionally kneel, stoop, crouch, and crawl." [Tr. 97]. Additionally, ALJ Wirth found that Plaintiff could "frequently reach in all directions, including overhead, and frequently handle, finger, and feel bilaterally." [*Id.*].

As previously detailed, in the applicable disability decision, ALJ Jim Beeby found that Plaintiff could perform medium work as defined in 20 CFR 416.967(c). ALJ Beeby found that Plaintiff can lift, carry, push and pull up to 50 pounds occasionally and 25 pounds frequently; with normal breaks in an eight-hour day, he can sit for six hours and stand and/or walk for six hours; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can tolerate frequent bilateral overhead reaching; and can tolerate occasional exposure to fumes, odors, dusts, gases, and poor ventilation. [Tr. 20].

ALJ Beeby noted that he considered the previous disability decision, but that "[t]he residual functional capacity in that decision is no longer applicable," as Plaintiff "has since developed severe additional impairments, including severe COPD, that further inhibit his ability to function" and "[c]hanges to the residual functional capacity have been made accordingly." [Tr. 25]. Plaintiff challenges the ALJ's failure to discuss and explain the additional limitations that made the previous ALJ's disability decision inapplicable, as "the decision does not discuss the additional reaching and manipulative limitations." [Doc. 16 at 6].

8

The Sixth Circuit has directed that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Following *Drummond*, the Commissioner issued AR 98-4(6), which provides, in part:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

Social Security Acquiescence Ruling 98–4(6), 1998 WL 283902, at *3 (June 1, 1998).

However, the Sixth Circuit recently clarified the meaning of *Drummond* in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), explaining how "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory condition." *Id.* at 932. Therefore, res judicata does not "prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Id.* at 931. The Sixth Circuit noted that the doctrine of res judicata bars relitigation of the same claim but not litigation of a new claim, pointing out that "[r]es judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Id.* at 933 (quoting *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998)). Thus, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Id.*

9

Accordingly, "[c]ourts applying *Earley* to ALJ decisions issued before that case have asked whether the ALJ, despite purporting to follow *Drummond*, gave the new evidence a fresh look. If so, then the ALJ's decision satisfied *Earley*; if not, then remand was appropriate." *Johnson v. Comm'r of Soc. Sec.*, No. 2:17-cv-13126, 2018 WL 6440897, at *15 (E.D. Mich. Oct. 22, 2018) (collecting cases), *report and recommendation adopted by*, 2018 WL 6434778 (E.D. Mich. Dec. 07, 2018).

Here, Plaintiff fails to argue how the "additional reaching and manipulative limitations" from his previous disability decision would result in a finding that he was disabled. [Doc. 16 at 6]. Moreover, medium work as defined in 20 CFR 416.967(c), which ALJ Beeby found that Plaintiff could perform, includes frequent lifting, and ALJ specifically detailed that the RFC determination included frequent bilateral overhead reaching. [Tr. 20].[1] Regardless, in the disability decision, ALJ Beeby appropriately acknowledged the previous disability decision but found that Plaintiff had developed additional severe impairments, and a new RFC was necessary. Immediately following this acknowledgement, the ALJ detailed that the opinions of the nonexamining state agency physicians were entitled to great weight, but that "advancement of his lumbar disorder warrants limiting [Plaintiff] to occasional postural movements and to no climbing of ladders, ropes, or scaffolds." [Tr. 25]. As the application in this case involved a different period of disability, the ALJ appropriately gave the evidence a "fresh look." *Earley*, 893 F.3d at 931.

---

[1] The Court notes that a vast majority of claims on this issue assert that the second ALJ "incorrectly believed [they were] bound by the previous findings of [the first] ALJ," rather than Plaintiff's argument that the second ALJ improperly failed to adopt a limitation imposed by the first ALJ from a disability decision which ultimately found that Plaintiff was not disabled. *See Hogren v. Comm'r of Soc. Sec.*, No. 2:19-CV-854, 2020 WL 830401, at *2 (S.D. Ohio Feb. 20, 2020), *report and recommendation adopted by*, 2020 WL 1140058 (S.D. Ohio Mar. 9, 2020).

## 2. RFC Determination

Plaintiff notes that the ALJ found his obesity, pain in his bilateral shoulders and right foot, as well as degenerative disc disease with radiculopathy to be severe impairments. [Doc. 16 at 6]. However, Plaintiff alleges that the ALJ improperly "did not consider repetitive motion, reaching and repetitive use of the claimant's shoulders, nor the pain in his right foot, back and right leg, which would interfere with the claimant's ability to walk [or] stand for prolonged periods of time." [*Id.*].

Again, the Court notes that Plaintiff fails to cite any medical records which would allegedly support the additional restrictions that were not included in the ALJ's RFC determination. In the disability decision, the ALJ first reviewed Plaintiff's submitted function report and testimony, including that his left leg and lower back were his most severe problems and that shoulder pain prevents him from lifting his arms overhead. [Tr. 21–22]. However, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical record. [Tr. 22].

The ALJ also extensively reviewed the medical record of Plaintiff's history of back pain, including treatment notes and the examination of Dr. Steven A. Saunders, M.D. [Tr. 22], as well as Plaintiff's complaints of pain in various joints, including his bilateral shoulders and right foot. [Tr. 23]. The ALJ noted that Plaintiff's "function reports show a robust set of activities of daily living," as well as that he "has not cooperated fully with his medical treatment plans." [Tr. 24]. The ALJ also appropriately reviewed Plaintiff's obesity as required under Social Security Ruling 02-1p. [*Id.*]. Lastly, the ALJ afforded significant weight to the opinions of the nonexamining state agency consultants. [Tr. 25]. A review of the disability decision demonstrates that the ALJ did

not ignore the impairments raised in Plaintiff's brief, and included them as severe impairments, but detailed how the medical record did not support Plaintiff's complaints of disabling limitations.

Ultimately, although Plaintiff would interpret the medical evidence differently, the Court finds that the ALJ's determination was within his "zone of choice." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (holding that "[t]he substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way" and that as long as substantial evidence supports the ALJ's finding, the fact that the record contains evidence which could support an opposite conclusion is irrelevant) (quotations omitted); *see also Huizar v. Astrue*, No. 3:07CV411-J, 2008 WL 4499995, at *3 (W.D. Ky. Sept. 29, 2008) ("While plaintiff understandably argues for a different interpretation of the evidence from that chosen by the ALJ, the issue is not whether substantial evidence could support a contrary finding, but simply whether substantial evidence supports the ALJ's findings."). "Rather, it is the Commissioner's prerogative to determine whether a certain symptom or combination of symptoms renders a claimant unable to work." *Luukkonen v. Comm'r Soc. Sec.*, 653 F. App'x 393, 402 (6th Cir. 2016) (citing 20 C.F.R. § 416.929(c)(1), -(d)(2)). The ALJ is responsible for weighing medical opinions, as well as resolving conflicts in the medical evidence of record. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *see also* 20 C.F.R. § 416.946(c) (stating the final responsibility for assessing a claimant's RFC rests with the ALJ). Accordingly, the ALJ's RFC determination is supported by substantial evidence, and Plaintiff's conclusory allegations of error do not constitute a basis for remand.

### 3. Past Relevant Work

As detailed above, the ALJ found that Plaintiff could perform past relevant work as a cabinetmaker, as well as that Plaintiff could perform other work that exists in significant numbers

in the national economy given the Plaintiff's RFC, such as an industrial sweeper/cleaner, laboratory equipment cleaner, and conveyer feeder off bearer. [Tr. 25–26].

Plaintiff claims "[t]he limitations of exposure to pulmonary irritants should preclude jobs such as a laboratory equipment cleaner and industrial sweeper/cleaner as these jobs would involve exposure to cleaning products that are pulmonary irritants." [Doc. 16 at 6]. Additionally, Plaintiff maintains that "the cabinet maker would involve the use of sanding and sawing tools that resulted in dust particles in the air . . . and therefore this job should also be precluded." [*Id.*]. Lastly, Plaintiff challenges the job of "conveyor feeder/off bearing in a factory . . . [because he] would be using repetitive motions and/or reaching as well as standing/walking for prolonged periods of time." [*Id.* at 7].

As detailed above, the ALJ's RFC determination included a limitation to "occasional exposure to fumes, odors, dusts, gases, and poor ventilation." [Tr. 20]. In the disability decision, the ALJ noted that "[p]ursuant to SSR 004-p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." [Tr. 26]. Additionally, at the hearing, in response to the ALJ's questioning, the VE confirmed that his testimony was consistent with the Dictionary of Occupational Titles. [Tr. 54–55].[2]

Social Security Ruling 00-4p addresses the use of VE testimony and other occupational resources in the evaluation of disability claims. 2000 WL 1898704, at *1 (Dec. 4, 2000). The

---

[2] At the July 11, 2018 hearing, VE Underwood testified that his testimony was consistent with the DOT except for his explanation regarding hypothetical two. [Tr. 54–55]. In response to the ALJ's "hypothetical two" involving an individual being off task at least or more than 10% of the time due to pain and discomfort on a consistent basis, VE Underwood responded that "the DOT and the SCO don't address off task behavior," but basing his opinion on information from "the US Bureau of Labor Statistics," no work existed in the national economy for an individual under the assessed limitations. [Tr. 54].

13

ruling explains that in making disability determinations, the agency relies "primar[ily] on the DOT . . . for information about the requirements of work in the national economy." *Id.* at *2. However, because "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings," VE testimony is appropriate to resolve more complex vocational issues and "may be able to provide more specific information about jobs or occupations than the DOT." *Id.* at *2–3. The ruling imposes an affirmative duty on the ALJ to ask about any possible conflicts between the VE's testimony and information provided in the DOT. *Id.* at *4.

Here, the ALJ appropriately questioned the VE whether any conflict existed between his (VE Underwood's) testimony and the DOT. Moreover, Plaintiff has failed to establish an actual conflict between the DOT descriptions of these positions and the RFC determination. *See, e.g.*, *Kerr v. Comm'r of Soc. Sec.*, No. 2:13–CV–457, 2014 WL 4243771, at *3 (S.D. Ohio Aug. 26, 2014) ("[W]here the Plaintiff fails to demonstrate an actual conflict, courts have consistently held that an ALJ's failure to comply with SSR 00–4p's inquiry requirement constitutes harmless error.").

Ultimately, the "vocational expert's response to the ALJ's hypothetical question constitutes substantial evidence for finding Plaintiff not disabled." *Cobasky v. Berryhill*, No. 3:14-CV-01708, 2017 WL 2978508, at *13 (M.D. Tenn. July 12, 2017) (citing *Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 585 (6th Cir. 2010)). "[I]n formulating a hypothetical question, an ALJ is only required to incorporate those limitations which he has deemed credible." *Gant*, 372 F. App'x at 585 (citing *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118–19 (6th Cir. 1994)). The Court has previously found that the ALJ's RFC determination is supported by substantial evidence and finds no evidence that the RFC was in conflict with the jobs identified by

14

the VE. Therefore, "[b]ecause the hypothetical question included those limitations which the ALJ found credible and excluded only those limitations which were discredited for a legally sufficient reason, there is substantial evidence to support the Commissioner's determination that [Plaintiff] can perform a significant number of jobs in the national economy." *Cobasky*, 2017 WL 2978508, at *13 (quoting *Gant*, 372 F. App'x at 586 (internal citation omitted)); *see, e.g.*, *McClure v. Colvin*, No. CIV-13-297-SPS, 2015 WL 1478180, at *4 (E.D. Okla. Mar. 31, 2015) ("In sum, the ALJ analyzed the claimant's RFC, posed proper hypothetical questions incorporating the RFC to the VE, determined that the VE's testimony was consistent with the DOT, and thus properly relied on that testimony to determine that the claimant could perform work and was accordingly not disabled.").

## V. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Judgment on the Pleadings [**Doc. 15**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 17**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

Debra C. Poplin
United States Magistrate Judge